STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
           FILED         SUPERIOR COURT DIVISION
COUNTY OF GUILFORD        FILE NO. 19 CVS 6312

2019 JUN 10 P 12:02

GUILFORD CO., C.S.C.

BY: _____

|  |  |  |
|---|---|---|
| DEVONA D. WHITFIELD f/k/a DEVONA JOHNSON, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | **COMPLAINT** |
| COMENITY BANK, | ) ) |  |
| Defendant. | ) ) |  |

**NOW COMES** Plaintiff Devona D. Whitfield formerly known as Devona Johnson, by and through her undersigned counsel, for her Complaint against Defendant Comenity Bank ("Comenity" or "Defendant") for the repeated robo-calls to her cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq* and the North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50 *et seq*.

### NATURE OF THE CASE

Telephone Consumer Protection Act

1. "Robocalls" are the #1 consumer complaint in America today.

2. The FTC reported over 3.2 million complaints about robocalls in 2014, of which almost half (1,678,433) occurred after the consumer had already requested that the company stop calling. Federal Trade Commission, National Do Not Call Registry Data Book, FY 2014, at 5 (Nov. 2014). Since this report, the number of complaints has increased. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal

robocalls over the course of a single day at less than 1 cent per minute." Senate Hearing at 5.

3. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

4. The TCPA was enacted to prevent companies like Comenity from invading American citizens' privacy and prevent illegal robocalls.

5. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

6. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

2

Case 1:19-cv-00697-TDS-LPA Document 3 Filed 07/16/19 Page 2 of 12

7. According to findings by the Federal Communication Commission ("FCC")—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

<u>North Carolina Debt Collection Act</u>

8. The NCDCA prohibits unfair, deceptive, misleading, fraudulent, or harassing practices in the collection of debts.

9. The NCDCA prohibits any debt collector from using <u>any</u> unfair practices in the collection of a debt, including coercion, harassment, or other unconscionable means to collect or attempt to collect a debt from a consumer.

10. An unfair act includes any conduct, the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt.

## PARTIES

11. Plaintiff Devona D. Whitfield, formerly known as Devona Johnson, is a citizen and resident of Guilford County, North Carolina and is neither an infant, incompetent, nor under any other legal disability.

12. Defendant Comenity Bank is incorporated and has its principal place of business in Delaware. Defendant Comenity Bank regularly does business in North Carolina, including in Guilford County.

## JURISDICTION AND VENUE

13. Jurisdiction is proper in this Court pursuant to N.C.G.S. § 1-75.4.

3

14. This Court has subject matter jurisdiction under, *inter alia*, N.C.G.S. § 7A-240 and 7A-243.

15. Venue in the Superior Court of Guilford County is proper pursuant to N.C.G.S. § 1-82.

## STANDING

16. Plaintiff has Article III standing for her claims under the TCPA and the NCDCA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016).

17. Plaintiff was harmed by Defendant's actions of calling her cell phone without consent in the following manners:

    a. Plaintiff's privacy was invaded by Defendant;

    b. Plaintiff was harassed and abused by Defendant's telephone calls;

    c. Defendant's calls were a nuisance to Plaintiff;

    d. Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

    e. Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's cellular telephone;

    f. Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

    g. Defendant's seizure of Plaintiff's telephone line was intrusive; and

    h. Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing her ring and having to check the calling party.

## FACTUAL ALLEGATIONS

18. Plaintiff is a natural person, and citizen of the State of North Carolina, residing in Brown Summit, North Carolina.

4

19. Plaintiff is the "called party" under the TCPA.

20. Plaintiff is a "consumer" under the NCDCA.

21. Comenity is a "debt collector" under the NCDCA.

22. The amount alleged to be owed by Plaintiff to Comenity is a "debt" under the NCDCA.

23. Plaintiff is the subscriber and regular user of the cellular telephone number at issue ▇▇▇.1753 and has been the subscriber during all relevant time periods.

24. On or around May of 2017, Plaintiff established a Comenity issued credit card from Roamans, an online clothing store.

25. Due to a variety of personal and financial reasons, Plaintiff became unable to make each and every payment alleged to be owed.

26. Immediately after Plaintiff missed a payment on her Comenity issued credit card, Comenity began repeatedly calling Ms. Whitfield multiple times per day.

27. On several occasions, Plaintiff answered a telephone call from Comenity and requested the telephone calls to stop.

28. Comenity did not stop calling despite the oral requests to stop.

29. On October 15, 2018, Plaintiff sent a letter to each credit bureau and to Comenity disputing the amount that was alleged to be owed and <u>specifically demanded</u> Comenity to stop calling.

30. On November 21, 2018, Comenity sent a letter back to Plaintiff stating "we received your letter(s) October 27, 2018." This letter specifically acknowledged that it had received Plaintiff's written request for the calls to stop.

31. Notwithstanding the written letter and the oral requests for the calls to stop, Comenity did not stop calling.

5

32. Since clearly and unequivocally revoking her consent to be called, Defendant has called her cellular telephone number more than 300 times.

33. Each call Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent or permission" of the Plaintiff.

34. Despite actual knowledge of Comenity's wrongdoing, and that they did not have Plaintiff's express consent or permission, the Defendant continued its barrage of phone calls to Plaintiff's cellular telephone numbers.

35. Each call the Defendant made to the Plaintiff was made using an automatic telephone dialing system ("ATDS") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

36. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

37. Each call the Defendant made to the Plaintiff was made using an ATDS.

38. A review of Defendant's records will help establish the number of calls.

39. By effectuating these unlawful phone calls, Defendant has caused the Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

40. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

41. Defendant's phone calls harmed Plaintiff by wasting her time.

42. Many of Defendant's calls disrupted Plaintiff's sleep and frustrated and annoyed her, and caused both physical and emotional stresses.

43. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

44. Upon information and belief, Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

45. Upon information and belief, Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her cellular numbers removed from the call list.

46. Upon information and belief, Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

47. Plaintiff expressly revoked any consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

48. Defendant violated the TCPA and NCDCA with respect to the Plaintiff.

49. Defendant willfully or knowingly violated the TCPA and NCDCA with respect to the Plaintiff.

## **CLAIMS FOR RELIEF**

### Count 1 (Violation of the TCPA)

50. Plaintiff incorporates the preceding paragraphs by reference.

7

51. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

52. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

## Count 2 (Violation of the NCDCA)

53. Plaintiff incorporates the preceding paragraphs by reference.

54. Comenity has attempted to collect debt in violation of N.C.G.S. § 75-54 in that it, among other things, falsely represented the character, extent, or amount of the debt.

55. Comenity has attempted to collect debt in violation of N.C.G.S. § 75-52 in that it has, among other things, caused Plaintiff's telephone to ring with such frequency as to be unreasonable, the natural consequence of which was to oppress, harass, and/or abuse Plaintiff.

56. As a result of Comenity's unlawful attempts to collect the debt, Plaintiff is entitled to actual and statutory damages for each violation, as well as her reasonable attorneys' fees, for a total amount in excess of Twenty-Five Thousand and 00/ Dollars ($25,000.00).

## Count 3 (Negligence/Gross Negligence)

57. Plaintiff incorporates the preceding paragraphs by reference.

58. Comenity had the following duties, among others, with respect to Plaintiff:

    a.  To refrain from repeatedly and incessantly calling Plaintiff so as to become harassing, intimidating, and annoying;

8

    **b.**    To have Plaintiff's prior express consent prior to each occasion that Defendant called her cellular telephone number; and,

    **c.**    To refrain from calling her after being placed on notice that Plaintiff did not wish to continue being called on her cellular telephone by Comenity.

59. Comenity breached its duties to Plaintiff, by among other things:

    **a.**    Repeatedly and incessantly calling Plaintiff so as to harass, intimidate, and annoy her;

    **b.**    Repeatedly calling Plaintiff on her cellular telephone without obtaining or having her prior express consent prior to each telephone call; and

    **c.**    Calling Plaintiff even after being placed on notice that Comenity did not have her consent to do so and that she did not want to receive any more calls on her cellular telephone.

60. Comenity's aforesaid actions directly and proximately resulted in Plaintiff's loss of use of her personal property, anxiety, annoyance, frustration, and other mental and emotional anguish.

61. The aforesaid acts of Comenity were in violation of its statutory duties under the TCPA and the NCDCA such that its conduct constitutes negligence *per se*. Further, the aforesaid conduct of Comenity was in violation of its common law and general duty not to invade the privacy and seclusion of others, including Plaintiff, such that its conduct constitutes ordinary negligence.

62. The aforesaid negligence was of a willful and wanton nature, in that its ATDS system is purposefully designed to harass, intimidate, and annoy the recipients of telephone calls, including Plaintiff, and Comenity intended to harass, intimidate, and annoy Plaintiff.

9

63. As a direct and proximate result of Comenity's negligence, Plaintiff has sustained damages in an amount in excess of Twenty-Five Thousand and 00/ Dollars ($25,000.00).

## Count 4 (Invasion of Privacy into Seclusion)

64. Plaintiff incorporates the preceding paragraphs by reference.

65. Comenity intruded into the seclusion of Plaintiff by persistently causing her telephone to ring for a lengthy period of time.

66. Comenity's actions as set forth in Plaintiff's Complaint would be highly offensive to any reasonable person.

67. Comenity's intrusion into Plaintiff's seclusion caused her to suffer the loss of use of her personal property, anxiety, annoyance, frustration, and other mental and emotional anguish.

68. As a direct and proximate result of Comenity's intrusion into Plaintiff's seclusion, she has suffered damages in an amount in excess of Twenty-Five Thousand and 00/ Dollars ($25,000.00).

## **RELIEF REQUESTED**

69. Plaintiff recover compensatory, statutory, and punitive damages, including all such damages under the TCPA and NCDCA, in an amount in excess of $25,000.00 along with interest at the highest rate available and allowed by law;

70. Plaintiff recover her reasonable attorneys' fees;

71. The costs of the action be taxed to Comenity;

72. For a trial by jury on all issues so triable; and,

73. For such other and further relief as the Court deems just and proper.

10

Respectfully submitted, this the 7th day of June, 2019.

                                                      **MAGINNIS LAW, PLLC**
                                                     *Counsel for Plaintiff*

BY:     /s/ Karl S. Gwaltney
        KARL S. GWALTNEY
        N.C. State Bar No. 45118
        EDWARD H. MAGINNIS
        N.C. State Bar No. 39317
        4801 Glenwood Avenue, Suite 310
        Raleigh, North Carolina 27612
        Tel: (919) 480-8526
        Fax: (919) 882-8763
        kgwaltney@maginnislaw.com
        emaginnis@maginnislaw.com

# MAGINNIS LAW

FILED
2019 JUN 10 P 12: 02
GUILFORD CO., C.S.C.
BY _____

June 7, 2019

**VIA U.S. MAIL**

Honorable Lisa Johnson-Tonkins
Guilford County Clerk of Superior Court
Post Office Box 3008
Greensboro, North Carolina 27402

RE: *Devona Whitfield f/k/a Devona Johnson v. Comenity Bank*
  **GUILFORD COUNTY CASE NO. 19 CVS _____**

Dear Madame:

Please find enclosed the following materials relative to the above entitled new Guilford County civil action:

(1) The original and three (3) copies of a Complaint;
(2) Four (4) copies of a Civil Summons for Defendant Comenity Bank;
(3) $200.00 check for the filing fee; and,
(4) Self-addressed, stamped envelope.

Please file the original copy of the Complaint and one copy of the Summons and return the remaining file-stamped copies to me in the enclosed self-addressed, stamped envelope. Should you have any questions about this request, please do not hesitate to contact me. Thank you for your assistance.

Very truly yours,

KARL S. GWALTNEY
MAGINNIS LAW, PLLC

Enclosures

4801 GLENWOOD AVENUE / SUITE 310 / RALEIGH, NC 27612
TEL: 919-960-1545 / FAX: 919-882-8763 / kgwaltney@maginnislaw.com